UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
At Cincinnati

| | | |
|---|---|---|
| **KENT D. BRANCH, an individual,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-cv-832 |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | DEMAND FOR JURY TRIAL |
| a corporation, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. Parties, Jurisdiction, and Venue

1. The Plaintiff, Kent D. Branch, is an individual citizen and resident of Ironton, Lawrence County, Ohio.

2. The Defendant, CSX Transportation, Inc., is a Virginia corporation with its principal place of business in Jacksonville, Florida.

3. The Defendant, CSX Transportation, Inc., is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce. The Defendant, CSX Transportation, Inc., conducts a significant portion of its railroad operations in the State of Ohio. The railroad's principal place of business in Ohio is located in Cincinnati, Ohio.

4. The Plaintiff, Kent D. Branch, at all times referred to herein, was an employee of the Defendant and was acting within the line and scope of his employment for the Defendant. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

5. This action is brought pursuant to the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C., § 51, *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the laws of the United States. Venue is appropriate in this Court pursuant to the provisions of 45 U.S.C. § 56.

## II.  Facts

6. The Plaintiff, Kent D. Branch, is employed as a carman for the Defendant, CSX Transportation, Inc.

7. On August 5, 2019, Mr. Branch was working in the railroad's locomotive shop in Huntingdon, West Virginia. He and his fellow workers were in the process of refurbishing locomotive engines.

8. After working for about two hours on his shift, Mr. Branch was assigned the task of replacing the ceiling in the cab of a locomotive engine. A crew on a previous shift had removed the old ceiling. Mr. Branch was not familiar with this process. As a result, he contacted his foreman for assistance and instructions.

9. When the foreman arrived, Mr. Branch and his fellow workers explained their problem and requested assistance. The foreman then took them up onto the locomotive to inspect the cab.

10. The cab of the locomotive engine was dark. As Mr. Branch stepped into the cab, his feet fell out from under him. There were no floor boards in the engine. Mr. Branch fell to the concrete pit below the engine.

11. As a result of his fall, Mr. Branch suffered severe, permanent, and disabling injuries.

### III. First Cause of Action
### (Negligence)

12. The Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the negligence of the Defendant, CSX Transportation, Inc., acting by and through its agents, servants or employees, or by reason of a defect or insufficiency due to its negligence in its safety practices, work practices, and equipment.

13. The Plaintiff avers that the negligence of the Defendant, CSX Transportation, Inc., includes, but is not limited to, the following specific acts of negligence:

   a. The Defendant negligently removed the floor boards of a locomotive engine without providing proper warning to other employees of the hazard.

   b. The Defendant failed to post proper warnings and other notices of the hazardous condition created by the removal of the floor.

   c. The Defendant failed to properly light the interior of the work space.

   d. The Defendant's employees failed to warn Mr. Branch of the danger.

   e. The Defendant was otherwise negligent.

### IV. Second Cause of Action
### (Safe Place to Work)

14. The Plaintiff avers that all of his injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant to provide the Plaintiff a reasonably safe place for him to perform his work and labor for the Defendant.

### V. Damages

15. As a result of the negligence of the Defendant, Mr. Branch has suffered and seeks to recover for the following injuries and damages:

   a. Past lost wages and benefits,

   b.  Future lost wages and benefits, including the impairment of his ability to earn a living,

   c.  Past physical pain and mental anguish,

   d.  Future physical pain and mental anguish,

   e.  Permanent physical disability, including the inability to carry out the usual normal activities of life, and

   f.  Past and future medical expenses.

16. Because of the severity of his injuries, the Plaintiff seeks to recover compensation in an amount in excess of Two Million Dollars ($2,000,000).

## VI. Jury Demand

17. The Plaintiffs demand trial by jury.

        */s/ Kenneth R. Reed*
        Kenneth R. Reed
        Kenneth R. Reed, PSC
        241 Elm St.
        Ludlow, KY  41016
        859-331-4443
        *kenreedatty@gmail.com*

        James H. Wettermark
        Wettermark & Keith, LLC
        100 Grandview Place, Suite 530
        Birmingham, AL 35243
        205-933-9500
        *james@wkfirm.com*

        Attorneys for Plaintiffs